60 F.3d 823
 76 A.F.T.R.2d 95-5718, 95-2 USTC P 50,384
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bonnie A. MILLER, Petitioner-Appellant,
v.
COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-1383.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 14, 1995.
Decided June 30, 1995.
 
 Bonnie A. Miller, Appellant Pro Se. Gary R. Allen, Kenneth L. Greene, William J. Patton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 Before MURNAGHAN, WILKINSON, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bonnie A. Miller appeals from the decision of the tax court determining a deficiency with respect to her 1983 personal income tax liability. At issue is the tax consequence of Miller's receipt of a $900,000 cash settlement in a personal injury action. This Court held, in Miller's first appeal, that the portion of the settlement proceeds representing punitive damages was not entitled to the exclusion from gross income under 26 U.S.C. Sec. 104(a)(2) and remanded the case to the tax court for the limited purpose of allocating the proceeds between compensatory and punitive damages. Commissioner v. Miller, 914 F.2d 586 (4th Cir.1990).
 
 
 2
 Our review of the record and the tax court's opinion reveals that this appeal is without merit. Accordingly, we affirm substantially on the reasoning of the tax court.* In light of this disposition, Miller's motion to not allow the Commissioner's informal brief to be included in the record is hereby denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 After careful consideration of the Supreme Court's decision in United States v. Burke, 60 U.S.L.W. 4404 (U.S.1992), we adhere to our prior holding, contrary to the tax court's position, that punitive damages recovered in a personal injury suit are not entitled to the exclusion from gross income under Sec. 104(a)(2)